## 11001

IMPERIAL GARAGE, INC. v. BANK OF SIMPSONVILLE

(114 S. E., 760)

PRINCIPAL AND AGENT—WHETHER EMPLOYER WAS PRECLUDED FROM SETTING UP FORGERY OR WANT OF AUTHORITY OF EMPLOYEE TO INDORSE CHECK HELD FOR JURY.—Where employee deposited check payable to employer in the bank on which it was drawn after having indorsed the check with a rubber stamp used by employer and embezzled proceeds, the question of whether the employer was precluded from setting up forgery or want of authority to indorse check in employer's action against bank was a question for the jury, under Acts 1914 (28 St. at Large, p. 673), § 23, providing that a signature which is forged or made without authority is wholly inoperative unless the party against whom the instrument is sought to be enforced is precluded from setting up the forgery or want of authority.

Before ANSEL, J., County Court, Greenville, November, 1921. Reversed.

Action by Imperial Garage, Inc., against Bank of Simpsonville. Judgment for plaintiff and defendant appeals.

*Messrs. W. G. Sirrine and Martin & Blythe,* for appellant, cite: *Where one of two innocent persons must suffer it must be the one whose conduct caused the loss:* 202 Fed., 90; 7 C. J., 686; 44 S. C. L., 336; 44 L. R. A. (N. S.), 580. *Proof of agency:* 79 S. C., 579; 76 S. C., 217; 44 S. C. L., 336; Story, Agency, Sec. 127; 73 S. C., 57; 1 C. J., 832.

*Messrs. Haynesworth & Haynesworth,* for respondent, cite: *Who has authority to endorse check:* 18 .L. R. A., 663; 59 L. R. A., 657; 74 Am. Dec., 442; 46 Mo., 186; 112 Id. App., 594; 37 L. R. A. (N. S.), 201. *No implied authority by agent who makes collection to endorse checks:* 208 S. W., 309; 181 Pac., 66; 12 A. L. R., 102; 21 R. C. L., "Prin. & Agt." Sec. 45; 73 A. L. R., 324; 37 L. R. A. (N. S.), 201; 119 N. Y., Supp., 317; 88 N. Y. Supp., 952; 19 N. Y. Supp., 252; L. R. A. 1918B, 575; 45 S. E., 316.

December 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff in this case sold an automobile to B. M. Moore and took in payment therefor his check for $850.00. McBride, who was in the employ of the plaintiff, took the check to the defendant bank, upon which it was drawn, and cashed it and took the money and ran away. McBride indorsed the check with a rubber stamp used by the plaintiff, as follows: "Imperial Garage, Inc., by............." McBride wrote his own name after the word "by." McBride should have deposited the check in People's National Bank. Both sides moved for the direction of a verdict in their favor. The presiding Judge directed a verdict in favor of the plain-tiff, on the ground that the indorsement was unauthorized.

Acts of 1914, p. 673, § 23, reads:

"Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge thereof, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

The question pertinent to this case is: Is the plaintiff precluded from setting up the forgery or want of authority? That question is a question of fact for the jury. It was error to direct a verdict. It is very manifest that any discussion of the facts of this case to show why a verdict should not have been directed would be improper.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY concurs.

MR. JUSTICE MARION concurs in result.

Mr. Justice Cothran (dissenting): I do not think that Section 23 of the Negotiable Instruments Act, quoted in the opinion of Mr. Justice Fraser, applies to the case, but that it is controlled by Section 21.

The Act plainly draws a distinction between a signature it purports to be, and a signature made by "procuration" as it is termed.

In the one case the signature appears, purports to be the signature of the person who is sought to be charged, without any notice whatever that it is otherwise than his actual signature. In the other, the signature bears upon its face evidence that it is not the signature of such person, but is made by "procuration"; that is, by some one claiming to act as agent of the person sought to be charged. In such case Section 21 is mandatory. "A signature by 'procuration' operates as notice that the agent has but limited authority to sign, and the principal is bound only in case the agent so signing acted within the actual limits of his authority."

This was a signature by procuration; that fact gave notice to the bank that McBride had only limited authority; it was incumbent upon the bank, in order to make out its case against the plaintiff, to show that McBride acted within the actual limits of his authority, which it failed to do, and from the apparent facts of the case could not have done. McBride was a thief, and as such got possession of the plaintiff's money; the bank relied upon his apparent authority only to indorse the check, whereas the section quoted requires proof of his actual authority.

Mr. Justice Watts concurs.